# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK ALLEN SALGADO**,

    Plaintiff,

v.                                                          Case No. 25-CV-437

**MR. SCHMALTZ**,

    Defendant.

## SCREENING ORDER

Plaintiff Mark Allen Salgado, an inmate confined at the Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights. This order resolves Salgado's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Salgado's motion to proceed without prepaying the filing fee and to screen the complaint in light of Salgado's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Salgado was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows

the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 30, 2025, the court ordered Salgado to pay an initial partial filing fee of $10.82. (ECF No. 13.) Salgado paid that fee on June 30, 2025. The court will grant Salgado's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain

enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Salgado's Allegations*

The complaint names Waupun Librarian Mr. Schmaltz as the only defendant. (ECF No. 1 at 1.) Salgado alleges that on August 2, 2024, he was in the library working on his criminal case. (*Id.* at 1–2.) He says Schmaltz twice asked him what he was doing and insisted the library was not an appropriate place for Salgado "to work on law materials." (*Id.* at 1.) Salgado says he pointed out that the library had "law books on the shelves," and Schmaltz became angry, standoffish, and aggressive. (*Id.*) Salgado says a correctional officer observed this exchange and became "confused at

3
Case 2:25-cv-00437-SCD    Filed 07/29/25    Page 3 of 9    Document 20

why the librarian was arguing." (*Id.*) Salgado packed his materials, left the library with the officer, and returned to his cell. (*Id.*)

Salgado alleges that a few days later, he received a disciplinary ticket falsely accusing him of being loud, calling Schmaltz "an ass," and refusing to leave the library when instructed. (*Id.*) He claims the correctional officer from the library "was surprised" about the accusations and told Salgado that he would "back [him] up on this issue." (*Id.* at 3.) Salgado says he "unjustly" received a punishment of fifteen days' cell confinement, and he is suing Schmaltz for falsifying information "to get the ticket to stick." (*Id.*) He says that during those fifteen days, he could not receive visits and was not allowed to participate in recreation or attend church. (*Id.* at 5.)

Salgado asserts that Schmaltz's false statements slandered him and kept him from being able to transfer from Waupun to a lower-security institution, such as Fox Lake Correctional Institution. (*Id.* at 1, 4.) He explains that in August 2024, he was on PRC, which refers to a "program review committee" that reviews applications for inmates to seek early release or reclassification to a lower security or community confinement facility. (*Id.* at 4.) *See generally* Wis. Admin. Code Ch. DOC 327. Salgado says that because of Schmaltz's false statements and his resulting discipline, he must wait a year to reapply to the PRC for placement in a lower-security setting outside of Waupun. (*Id.*) Salgado seeks money damages. (*Id.*)

*Analysis*

The court analyzes Salgado's allegations as a claim that he was denied due process under the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539,

563–66 (1974). The procedural protections of the Fourteenth Amendment apply "only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017); *see Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570–71 (1972) (noting that "whether due process requirements apply in the first place" depends on whether an "interest is within the Fourteenth Amendment's protection of liberty and property"). To proceed under the Fourteenth Amendment, a plaintiff must show: "(1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

Salgado proffers two potential bases for his procedural due process claim. First, he asserts that his disciplinary conviction was "unjust" because it was based on Schmaltz's false statements. The Due Process Clause "'does not necessarily protect prisoners against the imposition of disciplinary segregation.'" *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) (quoting *Williams v. Ramos*, 71 F.3d 1246, 1249 (7th Cir. 1995)). A prison restriction creates a protected interest only if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Prison restrictions must constitute "a sufficiently large incremental reduction in freedom to be classified as a deprivation of liberty." *Paige v. Hudson*, 341 F.3d 642, 643 (7th Cir. 2003).

Salgado says he received fifteen days' cell confinement as a result of the disciplinary ticket, during which he could not leave his cell for visits, recreation, or

church services. Placement of an inmate on temporary, short-term cell confinement does not have "'a substantial adverse impact on the prisoner . . . sufficient to involve the protections of the Due Process Clause.'" *Russ v. Young*, 895 F.2d 1149, 1152 (7th Cir. 1989) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). That means Salgado was not entitled to any procedural protections before he was confined in his cell unless the length of his confinement was "protracted," or the conditions of his segregations were "unusually harsh." *Toston v. Thurmer*, 689 F.3d 828, 832 (7th Cir. 2012). Fifteen days is not an usually long term of cell confinement, *see Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (finding 30 days' confinement not atypical or significant); and the conditions Salgado describes are not usually harsh. The complaint does not state a due process claim regarding the discipline Salgado received as a result of the ticket.

Second, Salgado asserts that because of the false disciplinary ticket, he was denied an opportunity to transfer to a lower security or community facility. But inmates have no protected liberty or property interest in their placement in "any particular prison" regardless of "the degree of confinement in one prison" over another. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). That includes placement in a community facility. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("Community correctional centers are low security institutions but still prisons, and inmates have no more claim to be sent there than they have to avoid commitment to maximum-security penitentiaries."). Salgado cannot premise a due process claim on his lost opportunity to transfer to another facility.

Salgado could also be seeking to proceed on a claim that his right to *substantive* due process was violated by Schmaltz's false statements in the disciplinary ticket. Issuing disciplinary charges based on false information "can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994) (citing *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988)). But Salgado says Schmaltz falsified information in the disciplinary ticket because of their argument in the library and not in retaliation for Salgado's exercise of a constitutional right.

Because Salgado does not establish that he had a protected liberty or property interest, he was owed no procedural protections and has no basis for a claim under the due process clause. District courts generally permit civil plaintiffs at least one opportunity to amend their pleadings but have "broad discretion to deny leave to amend the pleadings where the amendment would be futile." *Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024) (citing *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Salgado's complaint is thorough in its allegations of facts surrounding his claim. The court finds that amendment would be futile because further elaboration would not alter the court's conclusion that the conduct Salgado complains of does not state a federal claim. The court will not allow Salgado to amend his complaint.

Finally, Salgado alleges that Schmaltz's false statements slandered him. Claims of slander (or libel, which more accurately describes Salgado's assertion) arise under state law. Because the court is dismissing the complaint for failure to state a

7

Case 2:25-cv-00437-SCD    Filed 07/29/25    Page 7 of 9    Document 20

federal claim, the court will not exercise supplemental jurisdiction over any state law claim and will dismiss this claim without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Salgado's motion for leave to proceed without prepaying the filing fee (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).[1]

**IT IS FURTHER ORDERED** that the agency having custody of Salgado shall collect from his institution trust account the $339.18 balance of the filing fee by collecting monthly payments from Salgado's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Salgado is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Salgado is confined.

---

[1] This is Salgado's second incurred strike. *See Salgado v. Does*, Case No. 23-cv-932-nj (dismissed Jan. 16, 2024, for failure to state a claim).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2025.

**BY THE COURT:**

_Stephen C. Dries_
STEPHEN DRIES
United States Magistrate Judge